** Summary **
REIMBURSEMENT OF STATE EMPLOYEES ACCOMPANIED BY SPOUSE A state officer or employee is entitled to reimbursement for the actual single room rate or rate applicable to the employee had the spouse not been present, but not to exceed the maximum allowed by 74 O.S. 509.9 [74-509.9] (1972). The receipt required by 74 O.S. 509.9 [74-509.9] (1972) must show the actual expenditure by the state officer or employee, for himself if alone, or for himself and his spouse and the actual rate to be charged had the spouse not been present. The Attorney General has considered your request for an opinion wherein you raise the following questions: (1) If a state officer or employee in official travel status paid above the limit set by law for overnight lodging within the State of Oklahoma, and the spouse, not a State employee, also occupied the room, what amount of reimbursement would the State employee be entitled to and, (2) What type of receipt would be necessary? Title 74 O.S. 500.9 [74-500.9] (1972), provides in pertinent part as follows: "Reimbursement for overnight lodging, while in official travel status, may be made at not to exceed Nine Dollars ($9.00) per night within the State of Oklahoma and not to exceed Eighteen Dollars ($18.00) per night out of state. Receipts issued by the hotel, motel or other public lodging place shall accompany claims for reimbursement." McVicker v. Board of County Commissioners of Caddo County, Okl., 442 P.2d 297 (1968), held: "If wording of provision of statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for use of interpretive devices to fabricate a different meaning." The language contained in 74 O.S. 500.9 [74-500.9] (1972), is clear and unambiguous insofar as it relates to reimbursement for overnight lodging expenses incurred by State officers and employees in official travel status. The statutory maximum of such reimbursement is specifically set forth (nine dollars per night within the state; eighteen dollars out of state). The term "reimbursement" dictates that such individuals receive no greater amount than that actually expended for overnight lodging up to the statutory maximum. It is also clear that where the amount expended exceeds the statutory maximum the claimant must personally bear the cost of the balance. Claims for reimbursement must be supported by an accompanying receipt. Otherwise, nothing appears in the statute which would qualify or restrict reimbursement at the statutory maximum. Reimbursement is for "overnight lodging." Where the statutory conditions are satisfied the right of reimbursement does not turn on whether a claimant's wife occupied the lodging with him. It is, therefore, the opinion of the Attorney General that a state officer or employee is entitled to reimbursement for the actual single room rate or rate applicable to the employee had the spouse not been present, but not to exceed the maximum allowed by 74 O.S. 509.9 [74-509.9] (1972). It is further the opinion of the Attorney General, that the receipt required by 74 O.S. 509.9 [74-509.9] (1972) must show the actual expenditure by the state officer or employee, for himself if alone, or for himself and his spouse and the actual rate to be charged had the spouse not been present. (Marvin C. Emerson)